IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LESTER R. GARNAS d/b/a** | : | |
| **EDGEMARK,** | : | **CIVIL ACTION** |
|         **Plaintiff,** | : | |
| | : | **No. 14-7246** |
|         v. | : | |
| | : | |
| **RIMON, P.C.,** | : | |
|         **Defendants.** | : | |

## MEMORANDUM ORDER

This 30th day of July, 2015, upon consideration of Defendant Rimon, P.C.'s Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff's Response thereto, Defendant's Motion is **DENIED IN PART** and **GRANTED IN PART** for the following reasons.

    *1. Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction*

Defendant moves to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). In the event of a jurisdictional challenge, Plaintiff carries the burden to prove personal jurisdiction using "affidavits or other competent evidence." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). Because I am not holding an evidentiary hearing, Plaintiff only needs to establish a *prima facie* case of personal jurisdiction. Id. (citing O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007)). In order to meet this burden, Plaintiff must demonstrate "with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). At this early stage, I am required to accept Plaintiff's allegations as true and construe all disputed facts in Plaintiff's favor. Id.

1

Specific personal jurisdiction is a three-part inquiry in this Circuit. The Court must find that (1) the defendant "purposefully directed [its] activities at the forum"; (2) the litigation arose out of or related to one or more of these activities; and (3) jurisdiction "comport[s] with fair play and substantial justice." Sandy Lane Hotel Co., 496 F.3d at 317. In order to comply with due process, a defendant must deliberately target the forum state such that it "may reasonably anticipate being haled into court there." Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001); D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 103 (3d Cir. 2009).

In the specific context of "interstate contractual obligations, [the Supreme Court has] emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). I must consider the totality of the circumstances, including "the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." Remick v. Manfredy, 238 F.3d 248, 256 (3d Cir. 2001). Of particular relevance here, "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Burger King, 471 U.S. at 476.

Here, the Amended Complaint alleges that Defendant approached Plaintiff for his services, the majority of which would be performed in Pennsylvania. Defendant thereafter

entered into an ongoing contractual business relationship with Plaintiff, a Pennsylvania resident, which included directing communications to Plaintiff via email and telephone at his Pennsylvania office.  Plaintiff specifically alleges that the parties' initial negotiations included the exchange of ongoing drafts of their contract, which required delivery to Plaintiff at his Pennsylvania office.  Plaintiff further submits that the final, executed version of the contract was delivered to his Pennsylvania office.  Moreover, under the terms of the agreement, Plaintiff contracted to provide services to Defendant via telephone from his Pennsylvania office.  These key allegations are generally repeated in Plaintiff's supporting Declaration attached to his Opposition Brief.

      Thus, construing the current record in the light most favorable to Plaintiff, Defendant purposefully directed business activities at Pennsylvania, this litigation arose out of those activities, and Defendant should have reasonably anticipated the possibility of appearing in court in Pennsylvania.  In the specific context of contractual relations, Defendant reached outside California and created a continuing business relationship with a Pennsylvania citizen, thereby subjecting itself to Pennsylvania law regarding the consequences of the dissolution of that business relationship.  Therefore, under the totality of the circumstances before the Court, exercising specific jurisdiction over Defendant comports with fair play and justice.  Should the discovery process cast doubt on the extent of Defendant's relationship with this forum as characterized by Plaintiff, Defendant may reassert its jurisdictional argument at a later stage of this litigation.

*2. Fed. R. Civ. P. 12(b)(3) Motion to Dismiss for Improper Venue*

Defendant similarly moves to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). In the case of a venue challenge, the burden of persuasion rests with the defense. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982). Under 28 U.S.C. § 1391(b)(2), a civil action may be brought "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The requirement of substantiality in section 1391 is "intended to preserve the element of fairness so that a Defendant is not haled into a remote district having no real relationship to the dispute." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).

Based on the parties' submissions and the above jurisdictional analysis, I have no hesitancy in finding venue proper here, as a substantial part of the events giving rise to Plaintiff's contract claims occurred here in Pennsylvania. Defendant's alternative request to transfer venue because California would be more convenient for the defense is also denied. Pennsylvania is clearly more convenient for Plaintiff, who, as the master of his Complaint, has chosen to bring suit in this forum. See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed."). Further, in exercising my discretion under 28 U.S.C. § 1404(a), I do not find that transferring venue here would be in the interest of justice.

*3. 12(b)(6) Motion to Dismiss for Failure to State a Claim*

Defendant next moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Again viewing all facts and inferences in the light most favorable to Plaintiff at this early stage, Plaintiff has sufficiently pleaded his claims for breach of contract and unjust

enrichment.  Regarding Plaintiff's equitable accounting claim, under Pennsylvania law, "an equitable accounting is improper where no fiduciary relationship exists between the parties, no fraud or misrepresentation is alleged, the accounts are not mutual or complicated, or the plaintiff possesses an adequate remedy at law."  Rock v. Pyle, 720 A.2d 137, 142 (Pa. Super. Ct. 1998).  Here, because Plaintiff possesses an adequate remedy at law in the form of the other two counts of his Amended Complaint, and all relevant information sought by his equitable accounting claim will be discoverable in this action, Defendant's motion to dismiss Count II of the Amended Complaint is granted.

### 4. Fed. R. Civ. P. 12(e) Motion for a More Definite Statement

Finally, Defendant has moved for a more definite statement under Fed. R. Civ. P. 12(e).  I find that the Amended Complaint pleads plausible claims for relief and effectively puts Defendant on notice of the claims against it, enabling Defendant to fully and fairly defend this matter.  The paragraphs that Defendant has identified as "overly vague" are sufficient for the pleading stage.  Defendants will of course have the opportunity to request additional information during discovery in order to test the merits of Plaintiff's claims.  Accordingly, Defendant's request for a more definite statement is denied.

### 5. Conclusion

Based on the foregoing, Plaintiff's Equitable Accounting Claim under Count II of the Amended Complaint is hereby **DISMISSED**.  Defendant's Motion to Dismiss is **DENIED** in all other respects.

       /s/ Gerald Austin McHugh
United States District Court Judge